MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd., Suite 140
Mountain View, CA 94043-1375
Tel.: (650) 694-4700
Fax: (650) 694-4818
E-mail: Cathy@moranlaw.net

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

In Re:                                    ) Chapter 13
                                          )
SCOTT L. AND BONNIE LEE HARRIS,           ) Bankruptcy No. 08-56912
                                          )
                                          ) Date:  November 12, 2009
                                          ) Time:  2:00 p.m.
                                          ) Place: 280 S. First St., Room 3099,
                                          )        San Jose, CA 95113
            Debtor(s).                    )
_____ ) HON. ROGER L. EFREMSKY

## APPLICATION FOR COMPENSATION BY ATTORNEY FOR DEBTORS

I

## INTRODUCTION

A. Moran Law Group, Inc. ("applicant") is a corporation, all of whose attorneys are admitted to practice before the federal courts of the Northern District of California. The firm concentrates its practice in bankruptcy and related fields.

B. On or about September 5, 2008, applicant was employed to prepare and file necessary documents and to advise the debtors regarding the conduct of their Chapter 13 proceeding. Applicant received $1,000.00 as a retainer upon engagement. A plan in this case has been confirmed.

C. This application covers the period from September 1, 2008 through October 23, 2009 as set forth in the time summaries attached as Exhibits A, B, C, and D.

D. This court has approved minimum attorneys fees of $4,300.00 by prior order. This application seeks allowance of fees for services above and beyond those fees already approved ("additional fees").

E. Applicant has made no promise to share, nor has she shared, any attorneys' fees in this matter with any other person. Applicant, to the best of her knowledge, represents no creditor of the debtors nor any interest adverse to the estate of the debtors herein. No promise of payment has been made nor has any payment been made, by any person to applicant on account of the services rendered by her to the debtors except as approved by this court.

F. The undersigned certifies that she has read this application and to the best of her knowledge, information and belief, it conforms to the Guidelines for Compensation and Expense Reimbursement of Professionals promulgated by the judges of the Northern District of California and that the compensation and expense reimbursement requested are billed at rates no less favorable than those customarily employed by applicant and generally accepted by her clients.

II

**PROFESSIONAL SERVICES**

A. GENERAL MATTERS

This case involves a married couple with a home subject to an underwater second deed of trust. A potential issue included a student loan owed by Mrs. Harris, who had experienced serious and probably permanent health issues.

While the plan made no reference to any treatment of the student loan, it drew an objection from the New Mexico Educational Assistance Foundation, who utterly failed thereafter to respond to letters or appear at prehearings. Ultimately, at the request of counsel, the objection to confirmation was overruled.

The trustee's substantive objections began with the fact that Mr. Harris was the trustee of his parents revocable trust in the years prior to the filing. The trustee sought information concerning his interest, if any, in the trust and verification of the account

1  balances.

2  The issues became more complex when both parents died within six months of the
3  commencement of the case. The trustee sought information about the assets held in the
4  trusts and assets that were controlled by the decedent's will. The trustee made additional
5  inquiries about amendments to the trust documents executed by Mr. Harris in his capacity
6  as attorney in fact for his mother. The amendments left Mr. Harris's share of the estate to
7  him in a spendthrift trust.

8  Counsel worked with the debtor and the estate counsel for the deceased parents to
9  supply the trustee with the information in question. The trustee determined that she would
10 challenge the amendments to the trust on the eve of the mother's passing, which had the
11 effect of excluding the assets from the debtor's estate. At issue were several hundred
12 thousand dollars in assets that passed to Mr. Harris in trust.

13 Counsel and the trustee worked on a series of stipulated facts in advance of a
14 hearing on the trustee's challenge to the trust. Upon consideration of the debtor's
15 additional argument that the property did not pass to the debtor within the meaning of the
16 statutory terms of "inheritance, devise or bequest", the trustee withdrew her objection and
17 the plan was confirmed.

18 Counsel also drafted, filed and served a motion to value the lien of the second deed
19 of trust holder on the debtors' home. Each filed proof of claim was reviewed. The
20 professional fees in the Claims matter amount to $140.00, as set out in Exhibit C.

21 Counsel appeared at four different hearings in the case. Additional issues that arose
22 over the course of the case included Mr. Harris's job loss and the eventual decision of the
23 student loan creditor to find that Mrs. Harris was entitled to a discharge of the debt,
24 outside of bankruptcy. The professional fees in the Chapter 13 matter amount to
25 $12,057.50, as set out in Exhibit B.

26 B. EXPENSES INCURRED

27 During the period covered by this application, applicant incurred the sum of
28 $804.58 as actual and necessary expenses more particularly itemized in the expense

itemization that constitutes the expense schedule set out as Exhibit E. Applicant has been reimbursed for $274.00 of these expenses.

### III

### PREPARATION OF FEE APPLICATION

The professional fees incurred in the preparation of this application are $680.00, which represents 5.1% of the fees sought.[1]

### IV

### SUMMARY

In rendering the services described above, applicant expended 51.70 hours. The reasonable compensation for such services is $13,227.50, after allowances for discounted fees. The court earlier approved $4,300.00 of these fees. The additional fees requested are $8,927.50.

WHEREFORE, applicant requests that her additional fees of $8,927.50, and expenses of $804.58 be approved; and that the trustee be authorized to pay Applicant $8,927.50, in additional fees, and $530.58, in unreimbursed expenses.

MORAN LAW GROUP, INC.

Dated: _____

CATHLEEN COOPER MORAN
Attorney for Debtors

---

[1] This number does not include the time estimated for appearance at the hearing although it is reflected in the exhibit attached hereto.